IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOSEA L. KENDRICK                                                        PLAINTIFF


v.                                      Civil No. 4:19-cv-4019


KAREN GHORMLEY, Acting Jail
Administrator, Nevada County Detention Center                           DEFENDANT

## ORDER

Currently before the Court is Plaintiff Hosea L. Kendrick's failure to comply with orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on February 4, 2019, in the Eastern District of Arkansas. (ECF No. 1). On February 11, 2019, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 3). Plaintiff filed an Amended Complaint on March 8, 2019. (ECF No. 6).

On November 14, 2019, Defendant Karen Ghormley filed a Motion for Judgment on the Pleadings. (ECF No. 22). That same day, the Court entered an order directing Plaintiff to file a response to the motion by December 5, 2019. (ECF No. 24). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, the Court's order has not been returned as undeliverable and Plaintiff has not filed a response to Defendant's motion.

On December 10, 2019, the Court entered an order directing Plaintiff to show cause by December 20, 2019, as to why he failed to file a response to Defendant's Motion for Judgment on the Pleadings. (ECF No. 25). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, the order has not been returned as undeliverable and Plaintiff has not responded to the Court's order to show cause.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge